John Merritt Munholland and Edward Hughes Randolph, for appellants. Walter Guion, Atty. Gen., and James P. Madison, Dist. Atty. (Lewis Guion, of counsel), for the State.

BREAUX, J. In the second brief filed before this court, counsel for defendants set out that an attempt was made by defendants to bring up the questions in controversy by appeal.

They aver in behalf of the appellants that under the decision in State v. Judge, 106 La. Ann. 400, 31 South. 14, an appeal would not lie from the sentence complained of. Defendants for that reason abandoned the appeal, and made application for writs of certiorari and prohibition.

It follows that the appeal in this case must be dismissed.

It is dismissed.

---

(33 South. 111.)

No. 14,368.

In re NEW ORLEANS AUXILIARY SANITARY ASS'N.

· (Dec. 1, 1902.)

CORPORATIONS—ENFORCEMENT OF DEBTS—LIQUIDATION.

1. The city of New Orleans granted to the New Orleans Auxiliary Sanitary Association the use of certain ground along the river front for the erection of public baths, pumps, machinery, etc., with the understanding that at the expiration of the period of the grant, or sooner (should the association cease to be a going concern), the ground should revert to the city, together with the buildings and improvements erected thereon, but that the city, in taking over the property, should pay to the association the value of the improvements, etc. The association having ceased to be a going concern and its affairs being in process of liquidation, with debts to pay, it is *held* that the least that can be said of the city's obligation is that it should supply the money to pay the debts, or else let the property, or as much of it as may be necessary, go to sale in order to realize the amount requisite to pay the debts.

(Syllabus by the Court.)

Appeal from civil district court, parish of Orleans; Thomas C. W. Ellis, Judge.

In the matter of the New Orleans Auxiliary Sanitary Association, in liquidation. From a judgment making absolute a rule for the sale of certain property in which the city of New Orleans claimed an interest, and directing the same to be sold, the city appeals. Affirmed.

Arthur McGuirk, Asst. City Atty., for appellant. Rice & Montgomery, for appellees.

BLANCHARD, J. This is the second appeal to this court had in this cause. See 105 La. 172, 29 South. 337, 83 Am. St. Rep. 230. The present appeal is the sequel of the former one.

The opinion of the court on the former appeal gives enough of the history of the Auxiliary Sanitary Association, together with such statement of its present status and of the facts out of which grew that litigation, as suffices for a proper understanding of the present litigation.

The district court, in the first litigation, had decided that the property (specifying it) of the association appertained in ownership to the city of New Orleans, and that, as such owner, the city was entitled to the possession of the same. It held further, however, that the city's tenure of the property was subject to the payment by the city of all debts incurred by the association in the acquisition, erection, maintenance, operation and preservation of the property, to the extent of the value thereof.

The city appealed from that judgment. Its contention was that the property, of which it was thus decreed to be the owner, was property dedicated to public use and could not be made available to creditors of the association in satisfaction of the debts due them. It, therefore, demanded the reversal of so much of the judgment appealed from as held the property subject to the debts the association had incurred.

By way of answer to that appeal the liquidating commissioners prayed amendment of the judgment to the extent of awarding a mandamus against the mayor, compelling him to appoint an arbitrator, who, together with an arbitrator to be appointed by them, and an umpire, in case of disagreement (as provided for in certain city ordinances referred to in the opinion), should fix the price to be paid by the city for the property so taken by it; otherwise that the property be sold at public auction.

The contention of the city that the property of the association was not liable to the debts the association owed, was distinctly negatived by this court.

The prayer of the commissioners for amendment of the judgment, so as to award the mandamus asked against the mayor, was denied on the ground that mandamus will not lie to enforce the fulfillment of a mere contractual obligation.

The opinion stated, however, that if the city continued to refuse to abide by the conditions of its ordinances relative to paying to the association the value of the property reverting to it (the city), no reason was known why the property should not be sold at the instance of the commissioners for the purposes of the liquidation with which they were charged.

In accordance with those views a decree was rendered by this court reversing the judgment then appealed from in so far as it recognized the city of New Orleans as owner, and entitled to the possession of the property named, and in so far as it rejected the demand of the liquidating commissioners for the sale of the property, and it was ordered that, unless the city, within 30 days from the time the judgment then pronounced became final, should, by pleading filed in the district court, agree to abide by all the conditions of Ordinances 6442 and 6981, which it (the city) had theretofore adopted, with respect to the appointment of arbitrators and the valuation and reversion of the property in controversy, the liquidating commissioners should have leave to cause the property, or so much thereof as might be necessary, to be sold, to the end of paying the debts due by the association and the charges and expenses incident to, and growing out of, the liquidation and administration of its affairs.

Following this judgment, the city filed a plea in the district court expressing its willingness to abide by the conditions of Ordinances 6442 and 6981. But nothing further did it do, or would it do, though frequently importuned to that end by the attorney of the liquidating commissioners.

Some 10 or more months following the filing of the plea aforesaid, the commissioners took a rule on the city to show cause why the property of the association should not be sold. The rule recited the action taken by this court on the former appeal and averred that the necessity for the sale of the property was found in the fact that there were some $9,000 of debts to pay. It further recited the failure of the city to fulfill the conditions of its ordinances aforesaid.

This rule is the foundation of the present litigation. From a judgment making the same absolute and directing the liquidating commissioners to cause to be sold at public auction so much of the property of the association as may be necessary to pay its debts and the charges and expenses of the liquidation, the city appeals.

Ruling—The former decree of this court recognized that there were debts of the association, and charges of administration in liquidation of its affairs, to be paid.

The evidence shows there are debts and charges amounting to some eight or nine thousand dollars.

The last inventory made and appraisement taken of the property of the association, found in the record, dated February 1896, shows property of the aggregate value at that time of $18,717.75.

Since then the association has not been a going concern, has been under liquidation, and much deterioration of its plant and property has resulted. So that, it is likely now a new appraisement had would show a valuation far under the aggregate of the former appraisement, and not much, if any, in excess of the total of the debts to be paid.

In its Ordinance No. 6442, heretofore referred to, the city granted to the association the use of a certain portion of the river front, with the right to hold the same for a specified time, and it was provided that whenever the land, the use of which was granted the association, should revert to the city the latter would pay to the association the value of the improvements, machinery, buildings, etc., that may be then upon the premises—such value to be ascertained by two arbitrators, one appointed by the city, the other by the association, and in case of failure of these two to agree they were to call in an umpire, whose decision was to be final in fixing and determining the amount to be paid by the city to the association.

In its other ordinance referred to, No. 6981, the city granted the association the use

of still other ground, with the same conditions as to reversion.

The decree of this court on the former appeal meant that the city should substantially meet its obligation to the association by causing the valuation of the property to be ascertained, and then secure its reversion to the city by paying over to the association, or its liquidating commissioners, a sum of money equalling such valuation—certainly a sum sufficient, at least, to meet the debts of the concern and the charges of the administration of its affairs. These were the conditions the city was ordered to abide by.

It was further meant that if the city failed in this regard, the property, or so much thereof as was necessary, should be sold at auction to meet the debts and charges.

The property has not been valued; the city has not paid over a sum equal to its value, nor any sum to meet the debts and charges; and it is in evidence that the mayor had stated the inability of the city at this time to supply the funds for the purpose. Yet, it appears that the city claims the ownership and possession of the property and is in possession of the same or a considerable portion thereof.

A reasonable time has elapsed since the former decree of this court became final. This is no ordinary debt of the city to be paid in due course. The least that can be said of the city's obligation in the premises is that it should procure the money and pay the debts of the concern, or else let the property go to sale without more ado.

It is ordered that the judgment appealed from be affirmed.

Judgment affirmed.